**Albert Louis ALLEN and Rebecca Allen, his wife, Plaintiffs-Appellants,**

v.

**Billy E. STOVALL and Evelyn A. Stovall, his wife, Defendants-Respondents.**

No. 10614.

Missouri Court of Appeals, Springfield District.

Jan. 4, 1978.

Motion for Rehearing or Transfer to the Supreme Court was Denied Jan. 13, 1978.

Application to Transfer Denied Feb. 8, 1978.

L. Dwayne Hackworth, Piedmont, for plaintiffs-appellants.

W. Dean Million, Little, Million & Terando, Poplar Bluff, for defendants-respondents.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

BILLINGS, Chief Judge.

Suit to quiet title to a tract of land in Carter County. Plaintiffs Albert Louis Allen and his wife, Rebecca, have appealed from a judgment entered by the trial court quieting title to the tract in defendants Billy E. Stovall and Evelyn A. Stovall, his wife, and adjudging plaintiffs have no interest therein.

■■■ Trial was to the court and under *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc

1976), the judgment is to be affirmed ". . . unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law."

■ There was substantial evidence that defendants Stovall had a better title to the tract than plaintiffs Allen. The Stovalls were in possession of the disputed property under claim of ownership and color of title and thus had a superior title as against the plaintiffs. No error of law appears. An opinion would have no precedential value.

Affirmed pursuant to Rule 84.16(b), V.A. M.R.

All concur.

### Motion for Rehearing

In their motion for rehearing, or in the alternative to transfer to the Supreme Court, the appellants fault us and the trial court because the latter's decree was silent as to other realty which was described in appellants' petition. Consequently, appellants say, all of the issues between the parties were not disposed of by the trial court's decree or by our opinion.

The transcript shows that when the case came on for trial the parties stipulated that only one tract described in the petition was in dispute. Appellants' evidence was limited to the stipulated tract and respondent's evidence was directed to the stipulated tract and a tract described in their counterclaim.

In view of the express stipulation and evidence, the trial court's judgment ruled the issue between the parties.

Appellants' motion for rehearing or transfer is therefore denied.